1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RON G. VOSS, a natural person, | CASE NO. 11-CV-0842-H (WMC) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| KNOTTS et al., | |
| Defendants. | |

On May 7, 2012, Defendant Jerry E. Knotts ("Defendant Knotts") filed a motion for summary judgment.  (Doc. No. 49.)  On May 9, 2012, Defendants Electronic Arts Inc. ("Electronic Arts"), Procter & Gamble Manufacturing Company ("Procter & Gamble"), Viacom Inc., and Viacom International Inc. (collectively "Viacom") (collectively "Defendants") filed a notice of joinder in Defendant Knotts' motion for summary judgment. (Doc. Nos. 50 & 51.)  On May 21, 2012, Plaintiff Ron G. Voss ("Plaintiff" or "Voss") filed a response in opposition to Defendant's motion.  (Doc. No. 53.)  On May 25, 2012, Defendant Knotts filed a reply.  (Doc. No. 54.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing.  For the following reasons, the Court grants Defendant's motion for summary judgment.

///

1

## **Background**

2      Before March 17, 2005, Plaintiff wrote a treatment entitled, "Cyber Sports

3  Championship Challenge" (the "Work").  (Doc. No. 10, First Amended Complaint ("FAC"),

4  ¶ 10-13.)  The Work included a game to be played by an interactive network of video "gamers"

5  who would compete with one another in a series of virtual sports leagues.  (Id.)  Plaintiff filed

6  a registration for a copyright in the Work with the United States Copyright Office.  (Id., ¶ 11-

7  12.)  The Copyright Office received Plaintiff's completed application form, nonrefundable

8  filing fee, and nonreturnable deposit of the Work.  (Id.)  Plaintiff alleges that he has remained

9  the sole owner of the copyright since March 17, 2005.  (Id., ¶ 13.)

10      Seven months after Plaintiff allegedly wrote the Work, Plaintiff and his wife filed a

11  petition for Chapter 7 bankruptcy.[1]  (See Doc. No. 49, Exs. G-J.)  Plaintiff did not list the Work

12  as an asset in his original or amended schedules in the Voss Bankruptcy Case.  (Id., Ex. I.)

13  Instead, Plaintiff affirmatively declared under penalty of perjury that he owned no copyrights.

14  (Id., Ex. H.)  The trustee in bankruptcy determined it was a "no asset" case.  Thus, Plaintiff and

15  his wife's debts were discharged, and the trustee abandoned the assets back to the debtors,

16  meaning Plaintiff and his wife.  (See id., Exs. J, K.)

17

## **Summary Judgment Standard**

18      Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

19  Procedure if the moving party demonstrates the absence of a genuine issue of material fact and

20  entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

21  A fact is material when, under the governing substantive law, it could affect the outcome of

22  the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125

23  F.3d 732, 735 (9th Cir. 1997).  A dispute is genuine if a reasonable jury could return a verdict

24

25  _____

26      [1]The Court takes judicial notice pursuant to Fed. R. Evid. 201(b) of the online docket
   for United States Bankruptcy case In re Ronald Grayson Voss in the Central District of
   California, Bankruptcy Case No. 1:0-bk-20522-GM ("Voss Bankruptcy Case"), the amended

27  declaration filed by Ronald Grayson Voss in the Voss Bankruptcy Case, the report of the
   trustee filed by Trustee Amy L. Goldman in the Voss Bankruptcy Case, and the order of

28  discharge in the Voss Bankruptcy Case.  (See Doc. No. 49, Exs. F-G, I-K.)

1    for the nonmoving party.  Anderson, 477 U.S. at 248.

2           A party seeking summary judgment bears the initial burden of establishing the absence

3    of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party can satisfy

4    this burden in two ways: (1) by presenting evidence that negates an essential element of the

5    nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish

6    an essential element of the nonmoving party's case on which the nonmoving party bears the

7    burden of proving at trial.  Id. at 322-23.  "Disputes over irrelevant or unnecessary facts will

8    not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors

9    Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Once the moving party establishes the absence of

10   genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts

11   showing that a genuine issue of disputed fact remains.  Celotex, 477 U.S. at 322.  The

12   nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing]

13   on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. "The 'opponent

14   must do more than simply show that there is some metaphysical doubt as to the material fact.'"

15   Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 265-66 (9th Cir. 1991) (citing Matsushita Elec.

16   Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  Furthermore, the nonmoving

17   party generally "cannot create an issue of fact by an affidavit contradicting his prior deposition

18   testimony." Kennedy, 952 F.2d at 266; see Foster v. Arcata Assocs., 772 F.2d 1453, 1462 (9th

19   Cir. 1985), cert. denied, 475 U.S. 1048 (1986); Radobenko v. Automated Equip. Corp., 520

20   F.2d 540, 543-44 (9th Cir. 1975).

21          When ruling on a summary judgment motion, the court must view all inferences drawn

22   from the underlying facts in the light most favorable to the nonmoving party.  Matsushita Elec.

23   Indus. Co., 475 U.S. at 587.  The Court does not make credibility determinations with respect

24   to evidence offered.  See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587).

25   Summary judgment is therefore not appropriate "where contradictory inferences may

26   reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal

27   Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

28   ///

1

**Discussion**

2   Defendant argues that Plaintiff's failure to list his alleged copyright on a schedule of

3   his assets during a personal bankruptcy bars this action.  (Doc. No. 49.)   The Court agrees.

4   An "estate" is created when a bankruptcy petition is filed.  11 U.S.C. § 541(a); In re

5   Fitzsimmons, 725 F.2d 1208, 1210 (9th Cir. 1984).  "As a general matter, upon the filing of

6   a petition for bankruptcy, 'all legal or equitable interests of the debtor in property' become the

7   property of the bankruptcy estate and will be distributed to the debtor's creditors."  Rousey v.

8   Jacoway, 544 U.S. 320, 325 (2005) (quoting 11 U.S.C. § 541(a)(1)).

9   The bankruptcy code places an affirmative duty on debtors to schedule their assets and

10  liabilities.  11 U.S.C. § 521(1).  Thus, Plaintiff Voss had an affirmative duty to schedule his

11  alleged copyright as an asset when he filed for bankruptcy.  "It is settled that the debtor has a

12  duty to prepare these bankruptcy schedules and statements 'carefully, completely, and

13  accurately' and bears the risk of nondisclosure."  Diamond Z Trailer, Inc. v. JZ L.L.C., 371

14  B.R. 412, 417 (B.A.P. 9th Cir. 2007) (quoting Cusano v. Klein, 264 F.3d 936, 946-49 (9th Cir.

15  2001)).  "The schedules require full, candid, and complete reporting of the facts, so that

16  interested parties can be in a position to argue for or against the legal conclusion."  Diamond

17  Z Trailer, Inc., 371 B.R. at 417.  "If [the debtor] failed properly to schedule an asset, including

18  a cause of action, that asset continues to belong to the bankruptcy estate and did not revert to

19  [the debtor]."  Cusano, 264 F.3d at 945-46 (citing Stein v. United Artists Corp., 691 F.2d 885,

20  893 (9th Cir. 1982) (holding that only property "administered or listed in the bankruptcy

21  proceedings" reverts to the bankrupt).  Here, Plaintiff filed for bankruptcy approximately seven

22  months after allegedly authoring the Work that Plaintiff now relies on for his infringement

23  lawsuit.  (See Doc. No. 49, Ex. G.)  Plaintiff did not list the Work as an asset in his original

24  or amended bankruptcy schedules.  (Id., Ex. I.)  Instead, Plaintiff affirmatively declared under

25  penalty of perjury that he owned no copyrights.  (Id., Ex. H.)  Plaintiff's failure to list the Work

26  as an asset and his affirmative statement that he owned no copyrights precludes Plaintiff's

27  claims in the present action.  By failing to properly schedule his alleged copyright asset, the

28  copyright asset continues to belong to the bankruptcy estate and did not revert to Plaintiff.

1    <u>Cusano</u>, 264 F.3d at 945-46; <u>see also</u> <u>Stein</u>, 691 F.2d at 893.

2         Although there are "no bright-line rules for how much itemization and specificity is

3    required" in a bankruptcy schedule, Plaintiff Voss was required to be as particular as is

4    reasonable under the circumstances.  <u>Cusano</u>, 264 F.3d at 946 (quoting <u>In re Mohring</u>, 142

5    B.R. 389, 395 (Bankr. E.D. Cal. 1992)).   Under the circumstances, it would have been

6    reasonable for Plaintiff Voss to list the copyright because Plaintiff Voss filed for bankruptcy

7    seven months after allegedly authoring the Work.  Moreover, in <u>Cusano</u>, the court held that a

8    plaintiff sufficiently described his copyrights and right to royalty payments for songs written

9    by including "songrights in . . . Songs written while in the band known as 'KISS'" in his

10   bankruptcy schedule.  264 F.3d at 946-47.  The <u>Cusano</u> court further held:

11        Although it would have been more helpful for Cusano to break down the
          description further so that it named songs, albums, and dates of and parties to
12        royalty and copyright agreements, the additional detail would not have revealed
          anything that was otherwise concealed by the description as it was, which
13        provided inquiry notice to affected parties to seek further detail if they required
          it.
14

15   <u>Cusano</u>, 264 F.3d at 946-47.  Unlike the Plaintiff in <u>Cusano</u>, Plaintiff Voss did not list the

16   copyright in his bankruptcy schedules, and instead, affirmatively declared under penalty of

17   perjury that he owned no copyrights.  (<u>See</u> Doc. No. 49, Ex. H.)  Thus, Plaintiff Voss failed

18   to be as particular as is reasonable under the circumstances in itemizing and specifying his

19   copyright asset.  <u>Cusano</u>, 264 F.3d at 946.  Accordingly, the Court concludes that by failing

20   to properly schedule his asset in the Work and the alleged copyright, these assets continue to

21   belong to the bankruptcy estate and did not revert to Plaintiff Voss.  <u>Id.</u> at 945-46.

22        Because Plaintiff has no ownership interest in the Work or its purported copyrights,

23   Plaintiff lacks standing to pursue the present lawsuit.  A plaintiff alleging copyright

24   infringement must have an ownership interest in the subject copyrights, in order to have

25   standing to bring the claim.  17 U.S.C. § 408(a) (stating that only "the owner of copyright or

26   of any exclusive right in the work may obtain registration of the copyright claim"); <u>see</u> <u>Feist</u>

27   <u>Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991) (explaining that a copyright

28   infringement claim requires proof of ownership of a valid copyright and violation of the

1  copyright holder's exclusive rights).  Plaintiff's lawsuit sounds in copyright infringement, and

2  because Plaintiff does not own an interest in the Work or its alleged copyrights, Plaintiff

3  cannot maintain this action.  Accordingly, the Court grants Defendant's motion for summary

4  judgment.

5                                    **Conclusion**

6          For the foregoing reasons, the Court GRANTS Defendant's motion for summary

7  judgment.

8          **IT IS SO ORDERED.**

9  DATED: May 29, 2012

10                                     MARILYN L. HUFF, District Judge

11                                     UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv842